IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| CHRISTOPHER GUERRERO,<br><br>Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITTION FOR WRIT OF ERROR CORAM NOBIS<br><br>Case No. 2:23CV192 DAK-JCB<br><br>Related Criminal Case No. 2:15CR101 DAK<br><br>Judge Dale A. Kimball |

This matter is before the court on Christopher Guerrero's Petition for Writ of Error Coram Nobis. The Court has carefully reviewed the written memoranda submitted by the parties, and pursuant to Local Rule 7-1(g), the court has concluded that oral argument would not be helpful or necessary, and thus the court will decide the motion on the basis of the written memoranda. *See* DUCivR 7-1(g). For the reasons discussed below, the court denies Guerrero's Petition for a Writ of Error Coram Nobis.

BACKGROUND

I.  Indictment, Conviction, and Sentencing

In early 2015, West Valley City Police officers responded to a report of a suspicious vehicle and found Guerrero asleep behind the wheel of a parked—but still running—stolen rental car.[1] Officers searched the vehicle and found, among other things, heroin,

---

[1] The facts pertaining to Guerrero's arrest are drawn from the United States' Response to Petition, ECF No. 9, at 2-3.

methamphetamine, and a loaded handgun with an obliterated serial number. Officers arrested Guerrero, who admitted that he stole the rental car and purchased the handgun for protection.

A federal grand jury indicted Guerrero on multiple counts of unlawful firearms and narcotics possession. Crim. ECF No. 1.[2] Months later, Guerrero pleaded guilty to Count 1 of the Indictment, which charged him with unlawfully possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1). Crim ECF No. 16 (Minute Entry), No. 17 (Statement in Advance of Plea), and No. 37 (Change of Plea Transcript). In his plea agreement, Guerrero admitted that, prior to possessing the handgun, he "had been convicted of a number of felonies punishable by more than one year of imprisonment, including Forgery, Failure to Stop at Command of a Police Officer, Theft by Deception, and Attempted Theft by Receiving Stolen Property." Crim. ECF No. 17, at ¶ 10. For its part, the United States agreed to (i) recommend that Guerrero receive a two-level reduction of his offense level for acceptance of responsibility; (ii) move for an additional one-level reduction in Guerrero's offense level pursuant to U.S.S.G. § 3E1.1(b); and (iii) recommend a sentence at the low-end of the applicable Guidelines range. *Id.* ¶ 11(d)-(e). Guerrero's plea agreement did not contain an express waiver of Guerrero's appellate or collateral attack rights. *See generally id*.

On December 15, 2015, this Court sentenced Guerrero to a 66-month term of imprisonment, to run concurrent with any sentences imposed in his various state proceedings.

---

[2] "Crim. Case ECF No. ___" refers to the electronic case docket in *United States v. Guerrero*, Case No. 2:15-cr-101-DAK (D. Utah).) "ECF No. ___" refers to the electronic case docket in the above-captioned case.

Crim. ECF No. 26. The Court also sentenced Guerrero to a 3-year term of supervised release. *Id.*; *see also* Crim. ECF No. 35 (Sentencing Transcript).

## II. Escape and Rearrest

Guerrero spent approximately three-and-a-half years in prison before he was transferred in July 2019 to a residential re-entry center (RRC) in the District of Oregon. *See* ECF No. 12, Declaration of Lorri Mitchell ("Mitchell Decl.") ¶¶ 5-6 & Ex. A. Three months later, Guerrero walked away from the RRC and failed to return. *See United States v. Guerrero*, Case No. 3:20-cr-0093-IM (D. Or.), ECF Nos. 1, 12 at ¶ 9. Guerrero was later arrested and charged in the District of Oregon with one count of escape, in violation of 18 U.S.C. §§ 751(a) & 4082(a). *Id*. ECF No. 1. He subsequently pleaded guilty, and on May 25, 2021, was sentenced to an additional 21-month prison sentence, to run consecutively to his undischarged sentence in this case. *Id*. ECF No. 23.

## III. Custody and Supervision Status

Following sentencing in his escape case, Guerrero was returned to the custody of the BOP to serve the remainder of his sentence. *Id*.; Mitchell Decl. ¶ 7. On February 22, 2023, he was transferred once again to the RRC. Mitchell Decl. ¶ 8 & Ex. A. He was released from the RRC on May 22, 2023. *Id.* ¶ 8. He is currently on supervised release. *Id.*; see Ex. B.

## IV. Coram Nobis Petition

On March 21, 2023, Guerrero filed his Petition for Writ of Error Coram Nobis. ECF No. 1.

3

He asks this Court to vacate his § 922(g)(1) conviction because he "would not have pled guilty" had he been informed that the government "had the burden of proving" that "he knew he was a felon" as required by *Rehaif v. United States*, 139 S.Ct. 2191 (2019).

## DISCUSSION

Federal courts may "entertain coram nobis applications in 'extraordinary cases presenting circumstances compelling its use to achieve justice.'" *Rawlins v. Kansas,* 714 F.3d 1189, 1196 (10th Cir.2013) (quoting *United States v. Denedo,* 556 U.S. 904 (2009)). The United States Supreme Court has stated that "it is difficult to conceive of a situation in a federal criminal case today where a writ of coram nobis would be necessary or appropriate." *Carlisle v. United States,* 517 U.S. 416, 429 (1996) (quotations and alteration omitted). In seeking this writ, "the burden is on the petitioner to demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice." *Klein v. United States,* 880 F.2d 250, 253 (10th Cir.1989). Guerrero has not satisfied any of the stringent criteria for coram nobis relief.

**I. Coram Nobis Relief Is Not Available Because Guerrero Is Still in Custody**

The Tenth Circuit has repeatedly held that "a prisoner may not challenge a sentence or conviction *for which he is currently in custody* through a writ of coram nobis." *United States v. Torres*, 282 F.3d 1241, 1245 (10th Cir. 2002) (emphasis added). Guerrero filed his petition while confined to a halfway house, and he is currently serving his term of supervised release. As a result, he is "in custody" for coram nobis purposes and relief via the writ is not available to

him.³ The Supreme Court has also recognized that a prisoner may not challenge a sentence or conviction for which he is currently in custody through a writ of coram nobis. *See Chaidez v. United States*, 568 U.S. 342, 345 n.1 (2013) ("A petition for a writ of coram nobis provides a way to collaterally attack a criminal conviction for a person, like [petitioner], who is no longer 'in custody' and therefore cannot seek habeas relief under 28 U.S.C. § 2255 or § 2241.").

Guerrero's confinement to a halfway house still qualifies as being "in custody" for coram nobis purposes. Indeed, "the concept of 'in custody' does not require that the petitioner be physically confined and extends beyond incarceration" in federal prison. *Harvey v. Shillinger*, 76 F.3d 1528, 1537 (10th Cir. 1996). So long as the petitioner is "still subject to a restraint on his liberty," he remains "'in custody' for purposes of federal habeas proceedings and the remedy of coram nobis [is] unavailable to him[.]" *United States v. Goodwin*, 116 Fed. Appx. 879, 880 (9th Cir. 2004) (citing *Matus-Leva v. United States*, 287 F.3d 758, 761 (9th Cir. 2002)). And "custody" includes assignment to a halfway house. *See United States v. Cooper*, 725 F.2d 756, 757 (D.C. Cir. 1984) (noting that petitioner in a halfway house "would be 'in custody' for habeas corpus purposes").⁴ Guerrero admits that at the time he filed his petition, he was assigned to a halfway

---

³ *See also United States v. Griffith*, 928 F.3d 855, 876 n.13 (10th Cir. 2019); *United States v. Palmer*, 802 Fed. Appx. 315, 317 (10th Cir. 2020) (unpublished); *United States v. Hamilton*, 764 Fed. Appx. 816, 818 (10th Cir. 2019) (unpublished); *United States v. Perryman*, 750 Fed. Appx. 705, 707 (10th Cir. 2018) (unpublished).

⁴ See also *Hawkins v. Utah*, No. 4:20-cv-90-DN, 2023 WL 2634606, at *1 (D. Utah Mar. 24, 2023) (quoting *Clark v. Oklahoma*, 789 Fed. Appx. 680, 683 (10th Cir. 2019) (unpublished)); *see also United States v. Baird*, 312 Fed. Appx. 449, 450 (3d Cir. 2008) (petitioner "in custody" because he "was on supervised release at the time he filed his petition) (unpublished) (emphasis added)).

house. ECF No. 1, at 4. Accordingly, Guerrero was (and still is) "in custody" and coram nobis relief is simply not available to him.

## II. Guerrero Is Not Entitled to a Writ of Coram Nobis in Any Event

Even if Guerrero were no longer in custody, his petition would still fail. "Due to its exceptional nature, a petitioner must satisfy stringent criteria to obtain a writ of coram nobis." *United States v. Carpenter*, 24 Fed. Appx. 899, 905 (10th Cir. 2001). "First, a petitioner must demonstrate that the claim is not procedurally defaulted." *United States v. Garcia*, No. 05-CR-01858 MV, 2022 WL 2704281, at *2 (D.N.M. July 12, 2022) (citing *United States v. Miles*, 923 F.3d 798, 804 (10th Cir. 2019), and *Carpenter*, 24 Fed. Appx. at 905). "Second, a petitioner 'must demonstrate that he exercised due diligence in raising the issue[.]'" *Garcia*, 2022 WL 2704281, at *2 (quoting Carpenter, 24 Fed. Appx. at 905); *see also United States v. Lujan*, No. 22-2014, 2022 WL 17588500, at *2 (10th Cir. Dec. 13, 2022). "Third, 'the writ is only available when other remedies and forms of relief are unavailable or inadequate.'" *Garcia*, 2022 WL 2704281, at *2 (quoting *Embrey v. United States*, 240 Fed. Appx. 791, 794 (10th Cir. 2007)). Fourth, the "petitioner 'has the burden of asserting a jurisdictional or constitutional error resulting in a complete miscarriage of justice." *Id*. (quoting *Embrey*, 240 Fed. Appx. at 794); Guerrero's petition fails at every step of the analysis.

### A. Guerrero Procedurally Defaulted His Claim.

As noted above, Guerrero seeks to vacate his conviction on the grounds that his guilty plea was not intelligent because he was not informed "of the required *Rehaif* [knowledge-of-felon-status] element . . . as required by due process." ECF No. 1, at 5. But "'the intelligence of a

guilty plea can be attacked on collateral review only if first challenged on direct review.'" *Garcia*, 2022 WL 2704281, at *3 (quoting *United States v. Aguayo*, No. 21-1009, 2021 WL 4998920, at *2 (10th Cir. Oct. 28, 2021). "This rule applies even where the defendant has waived his right to appeal." *United States v. Majid*, 196 Fed. Appx. 685, 686 (10th Cir. Sept. 18, 2006) (unpublished) (citing *United States v. Frady*, 456 U.S. 152, 165 (1982)). A petitioner may overcome procedural default by showing "cause for his failure to raise the claim in an earlier proceeding and resulting prejudice." *Miles*, 923 F.3d at 803. Here, Guerrero has not and cannot make either showing.

Also, while a petitioner may overcome procedural default if he can demonstrate actual innocence, *United States v. Hisey*, 12 F.4th 1231, 1235 (10th Cir. 2021), Guerrero cannot do so for the same reasons discussed above. As noted, he does not contend that he was unaware of his felon status when he committed the instant offense. He merely claims that he did not know he "was a felon under federal law" based on his misunderstanding that his prior convictions had to qualify as "serious drug offenses" or "serious violent felonies" under 18 U.S.C. § 924(e). And as to *Rehaif*'s missing element, the circumstantial evidence of Guerrero's knowledge that he was a felon when he possessed the gun is overwhelming. He cannot "plausibly suggest he would have proceeded to trial if he knew the Government would be required to prove knowledge of status," *United States v. Trujillo*, 960 F.3d 1196, 1208 (10th Cir. 2020), nor can he show that "in light of all the evidence it is more likely than not that no reasonable juror would have convicted him," *Bousley v. United States*, 523 U.S. 614, 623 (1998). Because Guerrero

7

cannot establish either (i) the requisite cause and prejudice or (ii) actual innocence, he cannot overcome his procedural default.

**B. Guerrero Failed to Exercise Due Diligence in Seeking Relief.**

Although "[c]oram nobis petitions are not subject to a specific statute of limitations," a petitioner who delays must "provide valid or sound reasons explaining why [he] did not attack [his] sentences or convictions earlier." *United States v. Reyes*, No. CR06-0463-JCC, 2021 WL 197151, at *2 (W.D. Wash. Jan. 20, 2021) (quotation marks omitted). Guerrero has not done so. The Supreme Court issued its opinion in *Rehaif* in June 2019, while Guerrero was serving his custodial sentence. *See* 139 S. Ct. 2191. In July 2019, in anticipation of his release, Guerrero was transferred to the RRC. ECF No. 12, Mitchell Decl. ¶ 6. He later escaped and was re-arrested and returned to BOP custody in June 2021. *Id*. ¶ 7 & Ex. A; *see United States v. Guerrero*, Case No. 3:20-cr-0093-IM (D. Or.), ECF No. 23. Still, he did not raise his *Rehaif* claim until he filed this petition on March 21, 2023. ECF No. 1. Far from showing the requisite diligence, Guerrero waited for years after *Rehaif* was issued before seeking relief. "Without a valid explanation for the delay between Rehaif and [Guerrero's] coram nobis petition, coram nobis relief is unavailable to [him]." *Reyes*, 2021 WL 197151, at *2; *see also Embrey*, 240 Fed. Appx. at 794.

Although "[a]ctual innocence constitutes a valid reason for delay," *Lujan*, 2022 WL 17588500, at *3, for the reasons discussed above, Guerrero has not carried his burden to show that he is actually innocent. Given that "convicted felons ordinarily know that they are convicted felons," *Greer*, 141 S. Ct. at 2095, and the overwhelming circumstantial evidence that Guerrero knew he was a felon at the time he possessed the gun, Guerrero cannot carry his

burden to show that "it is more likely than not that no reasonable juror would have convicted him." *Lujan*, 2022 WL 17588500, at *4 (quotation marks omitted).

### C. Relief Under 28 U.S.C. § 2255 Was Neither Inadequate nor Unavailable to Guerrero.

Guerrero offers no legitimate reason for failing to avail himself of relief under 28 U.S.C. § 2255. "Tenth Circuit precedent [] imposes a bar to coram nobis relief unless relief under 28 U.S.C. § 2255 was unavailable or would have been inadequate." *Miles*, 923 F.3d at 804. "In other words, a claim pressed through a coram nobis petition is ordinarily barred if the petitioner . . . simply failed to pursue the claim under § 2255 when petitioner could have." *Id*. That is precisely the case here. Guerrero fails to offer any legitimate "explanation why he could not have pursued relief under § 2255." *United States v. Payne*, 644 F.3d 1111, 1113 (10th Cir. 2011). Guerrero is simply mistaken that he waived his collateral attack rights when he pleaded guilty to his § 922(g)(1) charge. *See* Crim. Case ECF No. 17. Even if he had waived those rights in his Plea Agreement, that would not have been "sufficient to render § 2255 inadequate or ineffective." *Mata-Soto v. United States*, 558 Fed. Appx. 844, 848 n.3 (10th Cir. 2014) (unpublished).

There is simply no legitimate reason why Guerrero could not have raised his *Rehaif* claim "in an earlier [§ 2255] proceeding" years ago. *Miles*, 923 F.3d at 803. Relief under § 2255 was not "unavailable or inadequate merely because [he] failed to avail himself of it when he had the chance." *United States v. Lester*, 615 Fed. Appx. 507, 508 (10th Cir. 2015) (citing *Prost v.*

*Anderson*, 636 F.3d 578, 589 (10th Cir. 2011)). As a result, he cannot now seek relief via a writ of coram nobis.[5]

### D. Guerrero Has Not Carried His Burden to Show a Fundamental Error Resulting in a Complete Miscarriage of Justice.

Coram nobis relief is an "'extraordinary remedy' to be invoked 'only under circumstances compelling such action to achieve justice.'" *Rawlins v. Kansas*, 714 F.3d 1189, 1195 (10th Cir. 2013) (quoting *United States v. Morgan*, 346 U.S. 502, 511 (1954)). A petitioner must therefore "demonstrate that the asserted error is jurisdictional or constitutional and results in a complete miscarriage of justice." *Lujan*, 2022 WL 17588500, at *2 (quotation marks omitted). And where, as here, "a defendant seeks to vacate a guilty-plea conviction by way of coram nobis, great caution is warranted." *United States v. George*, 676 F.3d 249, 257 (1st Cir. 2012).

The record leaves no doubt that Guerrero knew he was a felon at the time he possessed the gun. He neither directly argues nor cites any evidence showing "that he did not in fact know he was a felon," *Greer*, 141 S. Ct. at 2097, and the evidence to the contrary is overwhelming and uncontroverted. *See Rehaif*, 139 S. Ct. at 2198 (recognizing that it did not impose a

---

[5] Also, the fact that Guerrero should have brought his claim via a § 2255 motion does not mean that this Court should recharacterize it as such. *See Carpenter*, 24 Fed. Appx. at 906 & n.6 (citing *United States v. Lowe,* 6 Fed. Appx. 832, 2001 WL 387432, at *3 (10th Cir. Apr.17, 2001)).

The court notes that the Clerk's Office initially (and mistakenly) filed Guerrero's petition as a 2255 petition but later corrected its mistake. *See* ECF No. 1 (adding Petition for Writ of Error Coram Nobis and striking "Motion to Vacate, Set Aside or Correct Sentence (2255)); ECF No. 4 (explaining the modification of initial docket entry).

"burdensome" evidentiary requirement and that "knowledge can be inferred from circumstantial evidence" (quotation marks omitted)). Guerrero's numerous prior felony convictions, his previous four-year prison term, and his active parole status at the time he possessed the gun are all "substantial evidence" that he knew he was a felon. *See Greer*, 141 S. Ct. at 2097-98; *see also United States v. Tignor*, 981 F.3d 826, 830 (10th Cir. 2020) (explaining that "[b]ecause [defendant] actually served roughly two years in prison, he knew that the prior conviction ultimately led to a prison term of over a year"). Moreover, Guerrero stipulated in his plea agreement that he had previously been convicted of "a number of felonies punishable by more than one year of imprisonment," and went on to specify several of those felonies. Crim. Case ECF No. 17 at ¶ 10.

In short, Guerrero, like most convicted felons, knew he was a felon. *See Greer*, 141 S. Ct. at 2097. His assertion that he would have considered exercising his trial rights is based on a misunderstanding of *Rehaif*'s holding and is belied by uncontroverted record evidence of his extensive criminal history. There is nothing in the record to suggest the omitted element was even remotely important to Guerrero's decision to plead guilty. He therefore has not carried his heavy burden to show that "if the District Court had correctly advised him of the *mens rea* element of the offense, there is a reasonable probability that he would not have pled guilty." He cannot stablish that, but for the alleged *Rehaif* error, there was a reasonable probability that he would have gone to trial rather than plead guilty. As a result, he cannot show any fundamental error warranting the extraordinary remedy of coram nobis.

## CONCLUSION

For the foregoing reasons, Defendant's Petition for a Writ of Error Coram Nobis is DENIED, and this case is hereby dismissed.

DATED this 11th day of July, 2023.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge
